**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 3, 2019

LETTER TO COUNSEL

    RE:    *Yvon C. v. Commissioner, Social Security Administration*;[1]
               Civil No. SAG-18-358

Dear Counsel:

On February 5, 2018, Plaintiff Yvon C. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for disability benefits. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 13, 16. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in April, 2011, alleging a disability onset date of November 24, 2010. Tr. 209-22. Her claims were denied initially and on reconsideration. Tr. 148-55, 161-64. A hearing was held on April 5, 2013, before an Administrative Law Judge ("ALJ"). Tr. 48-87. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 18-47. On appeal, this Court remanded the decision to the SSA. Tr. 1123-26. An ALJ held a second hearing on July 18, 2016. Tr. 1081-1110. This time, the ALJ issued a partially favorable decision, granting benefits as of September 5, 2015, but denying benefits prior to that date. Tr. 1053-70. The Appeals Council ("AC") denied Plaintiff's request for review, Tr. 1041-47, so the ALJ's 2016 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Plaintiff suffered from the severe impairments of "diabetes mellitus; hypertension; obesity; cervical radiculopathy; a mood disorder; and an anxiety disorder." Tr. 1056. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: the claimant can perform work activities that do not require climbing but she can perform other postural activities on an occasional basis. The claimant retains the ability to perform work activities that do not expose her to heights of [sic] hazards. The claimant can perform work activities that require only occasional contact with co-workers, supervisors and/or the general public, and that involve only simple, routine, repetitive tasks.

Tr. 1061. After considering the testimony of a vocational expert ("VE"), the ALJ determined that prior to September 5, 2015, Plaintiff could perform jobs existing in significant numbers in the national economy. Tr. 1068-69. However, given Plaintiff's change in age category on September 5, 2015, and her restriction to light work, the ALJ determined that Plaintiff was disabled, under the medical-vocational rules, as of that date. Tr. 1069-70.

Plaintiff appeals the ALJ's denial of benefits prior to September 5, 2015. In support of her appeal, Plaintiff advances several arguments: (1) that the ALJ erred at step two by "fail[ing] to properly evaluate the claimant's severe impairments of Depression and Anxiety Disorder," ECF 13-1 at 9; (2) that the ALJ erred in evaluating Listings 12.04 and 12.06, ECF 13-1 at 10-13; (3) that the ALJ erred in discounting Plaintiff's subjective assertions of disabling pain and other symptoms, ECF 13-1 at 17-21; (4) that the ALJ's analysis violated *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015), ECF 13-1 at 21-22; (5) that the ALJ erred in evaluating the medical opinions and other evidence, ECF 13-1 at 23-24; (6) that the ALJ erred in presenting hypotheticals to the VE, ECF 13-1 at 24-27; and (7) that the ALJ failed to consider Plaintiff's full disability retirement from another government agency, ECF 13-1 at 27-29. Each argument lacks merit for the reasons discussed below.

Plaintiff's first argument, regarding the adequacy of the ALJ's step two analysis, is entirely unfounded. Step two is simply a "de minimis screening device used to dispose of groundless claims." *See Taylor v. Astrue*, No. BPG–11–0032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012) (quoting *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005)); *see also Felton–Miller v. Astrue*, 459 F. App'x 226, 230 (4th Cir. 2011) ("Step two of the sequential evaluation is a threshold question with a de minimis severity requirement.") (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). The fact that the ALJ used the term "mood disorder" instead of "depression" in finding Plaintiff's mental impairments to be severe is immaterial to the limited step two analysis.

Next, Plaintiff asserts that the ALJ should have found her to meet the criteria of Listings 12.04 and 12.06. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). The claimant bears the burden of demonstrating that her impairment meets or medically equals a listed impairment. *Kellough v. Heckler,* 785 F.2d 1147, 1152 (4th Cir. 1986). In this case, the ALJ applied the special technique for evaluation of mental health claims, using a five-point scale to rate a claimant's degree of limitation in the first three functional areas: none,

mild, moderate, marked, or extreme. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). To satisfy paragraph B of the mental impairment listings, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas, with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04(B) (2016). Here, with respect to the functional areas, the ALJ made determinations and cited to evidence from the record to explain his conclusions that Plaintiff had mild restriction in "activities of daily living," and moderate difficulties in "maintaining social functioning" and "maintaining concentration, persistence or pace."[2] Tr. 1059-60. In the absence of any "marked" limitations, then, even if the ALJ had found repeated episodes of decompensation, the listings would not be met. In suggesting that the ALJ's determinations were erroneous, Plaintiff points to large swaths of the record, without any pinpoint cites to particular evidence revealing a greater level of limitation. ECF 13-1 at 10, 11, 13. Thus, Plaintiff has not met her burden to prove that a listing has been met, and I find no error in the ALJ's assessment.

Next, Plaintiff asserts that the ALJ relied only on a lack of objective medical evidence to discredit her subjective complaints of disabling pain and other symptoms. ECF 13-1 at 17-21. However, in contrast, the ALJ relied not only on objective records and examination results, but on Plaintiff's own reports of her activities to undermine her alleged symptoms. Tr. 1065 ("The claimant noted that her sleep was a little better and that she felt calmer with the use of Celexa."); *Id.* ("[Plaintiff] believed that she was still improving and she did not want to increase the dosage of Celexa."); Tr. 1066 ("[T]he claimant reported being in therapy and taking Celexa and Wellbutrin. She was feeling better with the use of Celexa."); Tr. 1064 (noting that plaintiff called "from Puerto Rico" to report digestive symptoms). Thus, the ALJ appropriately considered Plaintiff's subjective statements, in addition to the objective results from her medical examinations, to determine her condition. Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and given the evidence outlined above, I find the ALJ's evaluation of Plaintiff's subjective complaints was supported by substantial evidence.

Next, Plaintiff posits that the ALJ's RFC determination did not include an appropriate function-by-function analysis, particularly as to interference with her ability to pay attention and concentrate. ECF 13-1 at 21-22. In this case, however, the ALJ provided an extremely detailed and thorough explanation of the requirements of *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015). *Mascio* requires that, upon a finding of "moderate limitation" in the functional area of

---

[2] Plaintiff objects to the ALJ's use of GAF scores in this case to support his conclusions, arguing that it runs contrary to conduct by other ALJs in other cases. ECF 13-1 at 10 n.3. However, nothing prohibits an ALJ from considering GAF scores as one component of his analysis, though it is well established that GAF scores are not determinative of disability. *Kozel v. Astrue*, Civil No. JKS–10–2180, 2012 WL 2951554, at *10 (D. Md. July 18, 2012). Here, the ALJ did not rely exclusively on Plaintiff's GAF scores, but cited to other evidence from the record to reach his conclusions.

"concentration, persistence, or pace," an ALJ must impose a limitation in the RFC assessment to address the impairment, or must provide an explanation as to why no such limitation is needed. 730 F.3d at 638. Here, the ALJ provided a clear explanation, citing both to *Mascio* and to the evidence of record to explain why no limitation was necessary. Tr. 1067. Accordingly, remand is unwarranted.

Plaintiff next contends that the ALJ assigned insufficient weight to opinions from her treating physician, Dr. Dillman.[3] ECF 13-1 at 23. The ALJ expressly assigned "little weight" to Dr. Dillman's conclusions, citing the objective findings in the mental health treatment records over time, Plaintiff's history of noncompliance and conservative treatment, and the GAF scores Dr. Dillman assigned at his examinations, suggesting mild to moderate symptoms. Tr. 1068. The ALJ cited to four specific exhibits supporting his conclusions that contravened Dr. Dillman's opinion. *Id.* Because this Court is not permitted to reweigh the evidence, I find that the ALJ supported his assignment of "little weight" with substantial evidence. Moreover, contrary to Plaintiff's assertion, this is not a case in which the ALJ "played doctor" or made findings unsupported by any medical source. The ALJ assigned "little weight," not "no weight," both to Dr. Dillman's opinions and to the opinion of the non-examining State agency physician reviewing Plaintiff's case. Tr. 1067-68. The ALJ explained his rationale for finding greater physical restrictions, and less severe mental restrictions, than the medical sources. *Id.* In light of the detailed explanation, which is amenable to appellate review and consists of substantial evidence, the ALJ's conclusions must be affirmed.

Plaintiff's next argument is that the VE testimony did not constitute substantial evidence upon which the ALJ could base his conclusion. ECF 13-1 at 26-27. Plaintiff contends that the ALJ improperly adopted the second hypothetical posed to the VE, instead of the third, more restrictive hypothetical. *Id.* The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, 166 F.3d 1209, 1999 WL 7864, at *5 (4th Cir. 1999) (unpublished table decision), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations, *see Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). The ALJ's second hypothetical question to the VE, which accurately incorporated the RFC assessment he made, was permissible without including any additional limitations that the ALJ did not deem valid. Essentially, Plaintiff's argument regarding the hypothetical reiterates the RFC arguments discussed above. As noted, the ALJ's RFC assessment was adequate, and therefore the second hypothetical, setting forth that RFC assessment, was equally valid.

Finally, Plaintiff contends that the ALJ did not recognize her full disability retirement from the Office of Personnel Management ("OPM"). ECF 13-1 at 28. The ALJ discussed OPM's prior finding with Plaintiff's attorney at the hearing, and explained that because OPM uses a different standard than SSA for determining disability, OPM's finding would not be

---

[3] While Plaintiff also makes reference to "Medical Source Statement opinions" from "Kaiser Permanente," ECF 13-1 at 23, she provides no specific cites to any such opinions, and I am unable to determine what she is attempting to argue. The ALJ did not evaluate any medical opinions from Kaiser Permanente.

binding. Tr. 1085-86. Moreover, Plaintiff was unable to provide the ALJ with OPM's decision or any documentation explaining the standards used in or the factual basis underlying OPM's decision. Tr. 1084-85. Therefore, this case is readily distinguishable from *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337 (4th Cir. 2012), and *Woods v. Berryhill,* 888 F.3d 686 (4th Cir. 2018), because in those cases the Fourth Circuit's rulings were based on the ALJ's obligation to "consider all evidence in [the] case record," *see* 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3), and the disability determinations by other governmental agencies were ostensibly in the case records. Here, Plaintiff's OPM disability decision is not in the record. Therefore, it was not error for the ALJ to not discuss OPM's disability decision.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 13, is DENIED, and Defendant's Motion for Summary Judgment, ECF 16, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge